IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELISA SOTELO MACIAS, #14469-078 | § | |
| VS. | § | CIVIL ACTION NO.4:09cv333 |
| | | CRIM NO. 4:07cr91(7) |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be denied and dismissed with prejudice. Movant has filed objections.

On December 12, 2007, after a plea of guilty pursuant to a written plea agreement, Movant was sentenced to 328 months of imprisonment for the offense of conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. The Fifth Circuit Court of Appeals dismissed her direct appeal as frivolous on March 12, 2009.

In her § 2255 motion, Movant argued that she is entitled to relief because (1) her trial counsel did not inform her of the initial drug amount for the offense of guilt or the base offense level before she pleaded guilty, (2) her trial counsel exposed her to unfair proceedings, and (3) her waiver was not knowingly and intelligently made due to ineffective assistance of counsel.

In her objections to the Magistrate Judge's Report recommending that her § 2255 motion be denied, Movant first complains that "the record is devoid of whether the district court conducted a separate finding as to the Petitioner's participation in the amount of drug attributed to the charge of conviction as [a] whole, or 15 kilograms or more of methamphetamine was the amount of drug[s of]

1

Macias['s] actual participation." This is the first time Movant has raised this claim. Issues raised for the first time in objections to the United States Magistrate Judge's Report are not properly before the Court. Because this issue is not properly before it, this Court will not address the new issue. *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir. 1992).

Movant next complains that her plea was unknowing and involuntary. She specifically discusses the court's failure to comply with Rule 11 of the Federal Rules of Criminal Procedure. This objection is simply a reurging of the issue raised and discussed in the Report and Recommendation. The Magistrate Judge's Report specifically details as to why Movant's plea was deemed knowing and voluntary. It noted the various excerpts from the plea agreement stating that she had thoroughly reviewed the agreement with her attorney, fully understood, and was fully satisfied with her attorney's representation. She also agreed that her guilty plea was "freely and voluntarily made." The plea agreement also contained the various penalties assessable based on the amount of methamphetamine involved. The Report also notes that, at her plea hearing, Movant stated that she was satisfied with her legal representation. The Court reviewed the rights she was waiving, the minimum and maximum penalties for the offense, and the fact that she was stipulating to a base offense level of 38 - with a sentencing range of not less than ten years, and not more than life imprisonment. She further concedes in her objections that she was made aware of the range of possible punishment. Movant stated in open court that she understood the plea agreement, the very narrow issues reserved for appeal, and that she was knowingly and voluntarily pleading guilty. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Movant has failed to overcome the presumption.

A movant must show that she did not understand the nature of a constitutional protection she

was waiving or that she had "such an incomplete understanding of the charges against [her] that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a defendant understands the nature of the charges against her and the consequences of her plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). Movant has failed to show that she did not understand the nature of the charges against her and the consequences of her plea. The Magistrate Judge concluded that Movant's plea agreement was voluntary and knowing. Movant reserved for review only these issues: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself. Accordingly, her waiver bars relief in this matter. This objection is without merit.

Movant fails to make further objections to the Report. Accordingly, she is barred, except upon grounds of plain error, from appellate review of those proposed factual findings and legal conclusions, which have been accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

In sum, because Movant's plea agreement was knowingly and voluntarily made, the only issues reserved for review were (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself. The waiver effectively bars relief on any other claims. The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED** and

Movant's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

  **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

 So **ORDERED** and **SIGNED** this **17** day of **September, 2012.**

         _____
         Ron Clark, United States District Judge